# Nivin *v.* Chester County Trust Company, Appellant.

*Corporations—Negligence—Trusts and trustees—Corporation bonds—Cancellation of security—Estoppel.*

In an action by the holder of certain corporate bonds against the trustee, holder of the mortgage security, for damages for the unauthorized satisfaction of the mortgage, a verdict for the plaintiff was sustained where it was conceded that plaintiff left his bonds with the defendant with the mutual understanding and direction that they were not surrendered; that they were to be paid before the mortgage securing them would be satisfied; and that the defendant satisfied the mortgage because its officer, through a failure to recall the facts, was under the impression that the bonds had been surrendered: and the evidence discloses nothing in the defendant's course of conduct, nothing in the negotiations preceding the sale, in the contract of sale, or resolution

thereafter enacted for the satisfaction of the old mortgage, that deprived the plaintiff of his right to enjoy the protection of the mortgage securing his bonds.

Argued Feb. 8, 1911. Appeal, No. 8, Jan. T., 1911, by defendant, from judgment of C. P. Chester Co., Jan. T., 1910, No. 89, on verdict for plaintiff in case of S. E. Nivin v. The Chester County Trust Company. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass for breach of a contract.

In the charge, BUTLER, J., stated the facts to be as follows.

It appears that the plaintiff, being a creditor of the White Clay Creek Supply Company, became the holder, in the first instance, as collateral, and afterwards the owner absolutely, of some twelve bonds of the company, secured by a deed of trust under which this defendant company was trustee. Later, the White Clay Creek Supply Company sold all its property to a new company, the Chester County Electric Company, which company proposed issuing a new mortgage, to take effect as soon as the old mortgage could be gotten out of the way, as soon as the outstanding bonds would be surrendered and the trustee, the defendant here, could properly satisfy that original mortgage. It was important, of course, to that end, that the outstanding bonds of the original company should be turned in to the trustee. And it appears that this plaintiff, being the holder of the twelve bonds in question and some other bonds, about which we need not concern ourselves, he having possession of them at the time, at least, turned them over to the defendant company and received a receipt from the company to the effect that these bonds were held subject to the plaintiff's order. And the plaintiff testified more specifically as to what the arrangement was, and we understand it is not disputed that he said, at the time that these bonds were turned over, that they were to be held until they should be paid, the under-

standing that he intended to convey and that he did convey, if his evidence is true—and we do not understand it to be disputed—being that he did turn in the bonds for the purpose of making it convenient to satisfy the mortgage, but the mortgage was not to be satisfied until the bonds would be paid.

The defendant's fourth point, with its answer, was as follows:

4. The plaintiff having, as president of The White Clay Creek Supply Company, executed the deed to The Chester County Electric Company, by which the title to the real estate covered by the $50,000 mortgage and the title to the stock of The Kennett Electric Light, Heat & Power Company passed free and discharged of all liens, claims and charges, he could not subsequently set up an individual interest in said mortgage and stock and seek to hold the defendant liable for satisfying the mortgage and for delivering the stock to the purchaser of its mortgage, and the verdict must be for the defendant. *Answer:* That point is disaffirmed. [4]

Verdict under direction of court for plaintiff for $7,702.51, and judgment thereon.

In dismissing motion for new trial and judgment n. o. v., BUTLER, J., filed the following opinion:

It is conceded on the trial and on the argument of this rule that plaintiff left his bonds with the defendant with the mutual understanding and direction that they were not surrendered and that they were to be paid before the mortgage securing them would be satisfied, and that the defendant satisfied the mortgage because its officer, through a failure to recall the facts, was under the impression that the bonds had been surrendered.

Under these circumstances defendant concedes that it is responsible to plaintiff for the amount of his bonds, and that the verdict was properly directed against it, if the plaintiff was at the trial in a position to oppose satisfaction of the mortgage until his bonds would be paid. It is

earnestly contended in behalf of the defendant that plaintiff's official relations with The White Clay Creek Supply Company, and its subsequent participation in the negotiations, agreements, and contracts preceding, and consummating the sale of the property of his company to The Chester County Electric Company, which deal contemplated and provided for the creation of a new mortgage, by the purchasing company, required him to submit to an immediate cancellation of the old mortgage, that he could not require it to stand as security for the payment of his bonds.

It would serve no useful purpose were we to discuss in detail the rather voluminous evidence, and we merely say that we can discover nothing in the defendant's course of conduct, nothing in the negotiations preceding the sale, in the contract of sale, or resolution thereafter enacted for the satisfaction of the old mortgage that deprived the plaintiff of his right to enjoy the protection of the mortgage securing his bonds.  On the other hand, we are of the opinion that the resolutions, the agreements, the entire scheme on which the deal between the two companies was promoted and consummated, contemplated that all outstanding bonds of the old mortgage should be paid, and that this mortgage could not and would not be satisfied until after their payment.

The rules are dismissed.

*Errors assigned* were (4) in disaffirming defendant's point, and (6) in dismissing rule for new trial and judgment n. o. v.

*Alfred P. Reid, H. H. Gilkyson* and *J. Frank E. Hause,* for appellant.

*A. M. Holding,* for appellee.

PER CURIAM, April 10, 1911:

The judgment appealed from is affirmed on the opinion of the learned judge of the common pleas.